## HOUSTON *versus* JORDAN.

The interest which an obligee or his assignee has in a conditional bond for the conveyance of real estate, is attachable by his creditors.

Prior to the Act of 1847, chap. 21, that interest was to be made available to creditors by a sale of it on execution.

If, after an attachment made in a suit against the obligee or his assignee, the defendant therein shall have obtained a conveyance pursuant to the bond, the title by the Act of 1847 may be transferred by a levy, to which the previous attachment shall impart its usual validity.

Such an *attachment*, however, can give no validity to a levy, if the conveyance have been made, not to the execution debtor, but to some other person.

Whatever rights, under such an attachment, are acquired by an *auction purchase*, can be vindicated only by process in equity.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

WRIT OF ENTRY, upon the demandant's own seizin.

At the trial, it appeared that one ·Packard held a bond for the conveyance to him of a lot of land upon conditions to be by him performed.

Houston *v.* Jordan.

In 1850, all Packard's right to any real estate in the county was attached on a writ in favor of this demandant and also on a writ in favor of P. H. Rice & al. In 1851, judgments were rendered against Packard in these suits, and within thirty days afterwards, this demandant *levied the land* upon his execution, and Rice & al. caused Packard's right under the bond to be sold at auction, and this demandant was the purchaser. Both under that levy and that purchase, the demandant makes title in this suit.

After the making of said attachments, Packard, the obligee, assigned his rights in the bond to this tenant, to whom the obligor, in conformity to the bond, had conveyed the land, before the said levy or sale.

The demandant offered to prove fraud in the assignment of the bond from Packard to this tenant.

The tenant resists the demandant's claim ; —

1st. On the ground that the attachments, being made in general terms of all Packard's right, title and interest in real estate, do not hold his interest in the conditional bond, the same being a personalty, or mere right in action.

2d. If the attachments were good to hold Packard's interest in the bond, the obligor having made the conveyance of the premises to the tenant, before the demandant's levy, that levy would give him no fee in the land, to enable him to maintain this action upon his own seizin.

3d. The sale upon the execution, Rice & al. against Packard, to the demandant would convey no right to maintain this action.

If the Court shall be of opinion that this action is maintainable upon the evidence, a default is to be entered. But if the Court should be of the opinion that the action is not maintainable *upon the questions of law raised in the case,* the demandant is to become nonsuit ; unless it should be the opinion of the Court, that upon proof of the fraud, as offered to be proved, the action can be maintained, in which event the cause is to stand for trial.

Houston v. Jordan.

*Rice*, for the demandant.

The bond to Packard gave him a legal interest in the land. That interest was attachable by his creditors. R. S. c. 114, § 73.

We do not pretend that the levy is sustainable under the laws as they existed prior to 1847. Our reliance is upon an enactment of that year, c. 21, § 1. [NOTE. — That enactment is recited in the opinion of the Court.] That enactment was intended to enlarge the rights of attaching creditors, and to give them an adequate remedy to obtain the land in cases like this, upon fulfilling the conditions upon which the obligee's right depended. The case is strictly analogous to rights of redemption in mortgages, taken by levy or sale on execution. To the tenant's objection that we never had the fee, we ask, why not? The statute directed the levy of execution "as in other cases." And it was so done.

Under the previous statutes, a bill in equity was the appropriate remedy, because, under them, the purchaser obtained only a *right to a conveyance.* By the statute of 1847, the levy perfected the conveyance, and gave us a seizin.

The counsel also presented other points, but they were not discussed in the opinion of the Court.

*Bell*, for the tenant.

APPLETON, J. — This is a writ of entry, in which the demandant claims upon his own seizin to recover a certain parcel of land in the town of Monson, the boundaries of which are duly set forth. It is in proof, that Daniel Rice, on Oct. 4, 1849, gave one Cyrus Packard a bond to convey to him the demanded premises upon certain conditions therein specified ; that on Feb. 6, 1850, all the right, title and interest of said Packard to any and all real estate in the county of Piscataquis was attached on a writ in favor of the plaintiff against him ; that on March 11, 1850, a similar attachment was made in favor of P. H. Rice & Co.; that these suits were entered and judgment thereon rendered, March term, 1851 ; that executions issued ; that within thirty days after the rendition of

judgment the plaintiff in this action caused his execution to be extended upon the premises demanded; that Rice & Co. on their execution seized and sold the plaintiff said Packard's right in equity of redeeming said premises and also all his right to a conveyance thereof by virtue of said bond; and that the levy and the sales before mentioned were all in due form of law. After the attachments of Packard's interest, he assigned, on June 3, 1850, his bond from Daniel Rice to the defendant, to whom said Rice, on Jan. 4, 1851, conveyed the premises therein described. At the time of the levy the conditions of the bond had been performed, and the fee of the estate levied upon was in the defendant, the assignee of Packard. It is conceded that the plaintiff acquired nothing by his levy, unless in consequence of the provisions of the statute of 1847, c. 21.

To determine the true construction of that Act, it becomes necessary to advert to the preceding legislation in reference to the attachment, and sales of the interest of debtors in bonds for the conveyance of real estate, and to the decisions upon such legislation, so far as they bear upon the questions here presented for our determination. The right to attach and sell on execution the interest of a debtor, by virtue of a bond for the conveyance of real estate, was first given by the statute of 1829, c. 431. In *Aiken* v. *Medex*, 15 Maine, 157, the course to be pursued to perfect the lien acquired by attachment, first received the consideration of the Court. In that case, after the attachment, and before judgment, the debtor paid the money due on the bond and took a conveyance to himself and instantly conveyed to a third person. The judgment creditor, instead of selling the right acquired by attachment, according to the provisions of the statute of 1829, c. 431, proceeded to extend his execution upon the land. The Court there held, that the creditor not having followed the requirements of the statute, by selling the interest attached on the execution, had lost the lien created by his attachment, and acquired nothing by his levy. The fee of the land was not in the debtor, either in that case or in this, at the time of the

levy. In that case, it had been conveyed to the obligee, and from him the title had passed before the levy, but in this, the fee passed directly from the obligor to the defendant, the assignee of the bond, so that the debtor was never seized of the premises upon which the levy was had.

The law thus having been settled, that the judgment creditor, if he wishes to perfect the lien acquired by the attachment, must sell on the execution the interest of his debtor as attached, and if, instead of a sale, he chooses to resort to a levy, when a conveyance has been made, that his rights will date from the levy and not from the attachment, the statute of 1847, c. 21 was passed. By § 1, of this Act, it is provided, that whenever under the provisions of R. S. c. 114, § 73, " the right, title and interest, which *any person* has by virtue of a bond or contract to a deed of conveyance of real estate on specified conditions, shall have been attached, and during the existence of the attachment and before the same shall have been perfected by proceedings on execution, the obligor or his assigns shall have executed a deed of conveyance to the *obligee* or his *assigns*, pursuant to such bond or contract, *the said attachment shall hold the premises so conveyed, as effectually as if the attachment had been originally made after such conveyance;* and execution may be levied thereon as in other cases of real estate taken on execution." It is insisted, that this Act authorizes the attaching creditor in all cases when there has been a conveyance from the obligor, after the attachment, whether to the debtor, as whose it was attached, or to any one else upon the debtor's assignment of the bond, to extend the execution upon the land conveyed, and that such levy would pass the estate, whether the fee was or had been in the debtor or not. We think such is not the law. The Act was manifestly passed to meet cases like *Aiken* v. *Medex*, and to enable the creditor when the title had, after the attachment, vested *in the debtor* before execution, to perfect his title in the premises by levy, " as effectually as if the attachment had been originally made upon them after such conveyance. The debtor whose interest is attached,

may be the obligee in the bond or his assignee. When the person, (*any person*, in the language of the statute) whose right, title and interest is attached, and to whom the conveyance is made, is the obligee or assignee of the obligee, the statute applies and not otherwise. The person whose interest is attached, and to whom the conveyance is made, must be one and the same. The attachment is to hold the premises as effectually as if it had been made upon them after the conveyance. If this statute had been in force at the time of the decision of *Aiken* v. *Medex*, the levy would have held the estate. But in this case, had the attachment been originally made after the conveyance to the defendant and that lien been perfected by a levy, it would not have touched the fee. Whether the assignment of the bond, and the subsequent conveyance to the defendant, was in good faith or fraudulent, and for the avowed purpose of defrauding creditors, in either event the plaintiff would not have acquired any such legal title as would enable him to maintain this suit. The levy would only give him the interest of the debtor, but as the legal title was in the defendant, the plaintiff could not upon known or recognized principles of law divest him of it by a levy upon it as the estate of Packard. *Blood* v. *Wood*, 1 Metc. 528 ; *Howe* v. *Bishop*, 3 Metc. 27 ; *Hascall* v. *Hilton*, 30 Maine, 419. By the express provisions of the statute, the levy is to give no greater rights than if the attachment had been made before the conveyance, and what would be his rights in such case is to be determined by the common law.

The object of the statute was, in case of a conveyance to the debtor of the premises of which he had a bond, to enable the attaching creditor to levy and to provide that by such levy his title should reach back to the date of his attachment, and thus defeat any conveyances the debtor might have made and override any attachment made after the conveyance to him from the obligor, and this is effectually accomplished by the statute.

If the plaintiff has acquired rights by virtue of his levy or

of the sale to him of Packard's interest in the bond for a deed, his remedy is in equity, where the good or bad faith of the defendant can be investigated, and the rights of both parties definitively settled. But at law the plaintiff is without remedy. *Shaw* v. *Wise*, 1 Fairf. 113; *Aiken* v. *Medex*, 15 Maine, 157.

In this view of the case it becomes unnecessary to consider the other questions presented by the counsel for the plaintiff in his argument. *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.